ARTHUR DEIN and BLEEMA DEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dein v. Commissioner
Docket No. 2805-71.
United States Tax Court
T.C. Memo 1975-178; 1975 Tax Ct. Memo LEXIS 195; 34 T.C.M. (CCH) 771; T.C.M. (RIA) 750178; June 3, 1975, Filed Thomas J. Carley, for the petitioners. William K. Carr, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent has determined a deficiency in the income tax of petitioners for the taxable year 1967 in the amount of $345. The sole question before this Court is whether petitioner, Arthur Dein, is entitled to deduct as an ordinary and necessary business expense under section 162 [1] all or part of the daily cost of traveling between his residence and the various job sites to which he was assigned. FINDINGS OF FACT Petitioners are Arthur Dein *196 and Bleema Dein, husband and wife, whose legal residence at the time of the filing of the petition herein was Flushing, New York. Petitioners filed a timely joint Federal income tax return for the taxable year 1967 with the district director of internal revenue, Brooklyn, New York. During the taxable year 1967, Arthur Dein (hereinafter referred referred to as "petitioner") was an electrician by trade. [2] He resided with his wife and family in Flushing, New York. In 1967, petitioner was employed by Bodoracco Brothers & Co. of Hoboken, New Jersey, from whom he received total wages in the amount of $12,065.07. Petitioner traveled between his residence and the various job sites to which he was assigned by way of his 1959 Chevrolet sedan in which he would carry the tools of his trade and other miscellaneous equipment. The total mileage attributable to such travel was 11,490 miles. No special alterations were made to the car on account of the tools and equipment which weighed approximately 125 pounds. Public transportation was not a practical method to travel between petitioner's *197 residence and his various job sites in New Jersey. [3] Due to the inadequacy of such transportation, it is reasonable to assume that petitioner would have proceeded to the job sites by private automobile, through car pooling or otherwise, even if he were not carrying his tools and equipment. On his income tax return for 1967, petitioner claimed an employee business deduction of $1,276 on account of the costs of traveling between his residence and the various job sites to which he was assigned. [4] Respondent has conceded the costs incurred by petitioner traveling between job sites. Petitioner received no reimbursement on account of any of the above traveling expenses. Nor did he perform any services for his employer at his residence. In addition to the above, petitioner claimed certain miscellaneous business deductions totaling *198 $292.15. These deductions were disallowed by respondent for lack of substantiation. Petitioner introduced no evidence at trial with respect to any of the claimed deductions. OPINION The only question before this Court is whether during the taxable year 1967 the petitioner is entitled to deduct as an ordinary and necessary business expense under section 162(a) the cost of travel between his residence and the various job sites to which he was assigned. During the year in question, the petitioner was an electrician by trade. He was assigned to various job sites by his employer. He traveled from his place of residence to his assigned job sites in a Chevrolet sedan in which he would carry the tools of his trade as well as other miscellaneous equipment. The tools and equipment weighed approximately 125 pounds. On his income tax return for 1967, petitioner claimed an employee business deduction on account of the cost of traveling between his residence and the job sites to which he was assigned. The record shows that public transportation did not present petitioner with a practical means of commuting to and from his work sites. However, in view of the heavy equipment he carried to *199 work, it is clear that he could not have used such alternative transportation even if it had been readily available. In fact, petitioner so testified. On the basis of the foregoing, it is the conclusion of the Court that the petitioner has failed to show that any portion of the expenses incurred by him in driving from his place of residence to the various job sites qualifies within the rules prescribed by Rev. Rul. 63-100, 1963-1, C.B. 34, and the decision of the Supreme Court in Fausner v. Commissioner,413 U.S. 838 (1973), rehearing denied 414 U.S. 882 (1973). In order for the petitioner to deduct the cost of his transportation expenses within the rules prescribed by Rev. Rul. 63-100, the petitioner must show that he would not have traveled to the job sites by private vehicle but for the necessity of transporting his tools and equipment. Since viable public transportation was not available, the petitioner has failed to meet this test. [5] Nor will the record support a finding that the petitioner incurred any additional expense, which might otherwise be deductible, on account of the fact that in driving to the job sites, *200 the petitioner carried his tools and equipment with him. Petitioner makes various constitutional arguments against the disallowance of the above expenses as a business deduction. We find petitioner's arguments to be either irrelevant, unpersuasive or inapplicable to the question at hand. In addition to the above, petitioner also claimed certain other miscellaneous items as proper business deductions. Respondent has disallowed all such items for lack of substantiation. Since petitioner introduced no evidence at trial to substantiate any of the claimed amounts, respondent's determination is sustained. Decision will be entered pursuant to Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Bleema Dein is a petitioner herein only by virtue of having filed a joint return with her husband.↩
3. Petitioner testified that it would have taken him approximately 1-1/2 hours to commute to work by public transportation, as compared to the 35 minutes it took by car.↩
4. In lieu of itemizing his automobile expenses, petitioner used the optional method as permitted by respondent, computing his deduction on the basis of 10 cents per business mile.↩
5. In Alfred Patti,T.C. Memo. 1975-107↩, the cost of commuting to and from work was disallowed even where viable public transportation was available.